IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                No. 20-CR-1901-MV

KRYSTAL SANCHEZ, et. al.,

      Defendants.

## KRYSTAL SANCHEZ'S THIRD MOTION TO CONTINUE TRIAL SETTING AND EXTEND TIME WITHIN WHICH TO FILE PRETRIAL MOTIONS

Defendant Krystal Sanchez, by and through her counsel of record, Alexandra W. Jones, respectfully requests that the Court enter an order continuing the trial setting and extending the time within which to file pretrial motions, and as grounds states:

1. Ms. Sanchez was indicted on October 16, 2020 and charged with Count I of Conspiracy contrary to 21 U.S.C. § 846; Count V of Possession with Intent to Distribute of 500 Grams and More of a Mixture and Substance Containing Methamphetamine contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2; Count VI Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime contrary to 18 U.S.C. § 924(c)(1)(A)(i); and Count VII of Felon in Possession of a Firearm and Ammunition contrary to 18 U.S.C. §§ 922(g)(1) and 924.

2. Jury Selection/Trial is currently set for August 9, 2021.

3. Ms. Sanchez respectfully requests a continuance to complete several tasks that are crucial to her defense. Specifically, Ms. Sanchez requests an additional ninety (90) days from the

current setting to review discovery and conduct a preliminary investigation. Ms. Sanchez has been involved in plea negotiations with the Government and anticipates that a determination as to whether Ms. Sanchez will enter into a plea agreement, or will go to trial, will be determined in the coming weeks. If such negotiations fail, Defense Counsel requires additional time to prepare and file pretrial motion, complete investigations of any and all defenses available to Ms. Sanchez and to prepare for trial. Ninety (90) days is the minimum amount of time that is required to conduct such discussions and to adequately prepare for trial.

4. A continuance is necessary for counsel to complete the following tasks:

   a. Continue plea negotiations with the Government. If a resolution is not reached, the additional time will be necessary to prepare pretrial motions, motions in limine, and prepare for trial.

   b. Research, prepare, and file pretrial motions, including possible motions to suppress and other motions in limine.

   c. Complete an investigation into the allegations and charges against Ms. Sanchez.

5. Ms. Sanchez requests a continuance of trial of no less than ninety (90) days from the current setting. Counsel believes that length of time to be the minimum that will be sufficient to effectively prepare for trial in this case.

6. Ms. Sanchez's right to the effective assistance of counsel includes adequate time to prepare for trial. Without that adequate time to prepare for trial, Ms. Sanchez will be denied her right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of

> counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (*quoting Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Additional time will not prejudice Ms. Sanchez and will permit her additional time to prepare and file pretrial motions, to further investigate this case, and to prepare for trial. A continuance will also potentially allow Ms. Sanchez to reach a favorable resolution with the Government. Counsel has discussed with Ms. Sanchez her rights under the Speedy Trial Act and Ms. Sanchez understands the need for continuance and respectfully requests that the Court continue her trial for the ninety (90) days requested by counsel.

8. Undersigned counsel affirmatively states that the ends of justice will be served by granting an extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Specifically, a continuance of the deadlines and jury trial in this matter will provide Ms. Sanchez time to pursue any investigations and assess the viability of any defenses. Additionally, a continuance will permit the parties time to discuss a possible negotiated resolution of this matter. Such a negotiated resolution would conserve judicial and prosecutorial resources and could also materially benefit Ms. Sanchez by providing her access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9. Undersigned counsel has contacted Assistant United States Attorney Niki Tapia-Brito and determined that Ms. Tapia-Brito does not oppose this motion.

WHEREFORE, Ms. Sanchez respectfully request this Court enter an order continuing the trial of this matter for ninety (90) days, and granting an extension of time for filing motions to continue, and for such other and further relief which the Court deems just.

Respectfully submitted:

JONES LAW FIRM, LLC

By: /s/ Alexandra W. Jones s/s
Alexandra W. Jones
1011 Lomas Blvd NW
Albuquerque, NM 87102
P: (505) 248-1400

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of June 2021, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

/s/ Alexandra W. Jones /s
Alexandra W. Jones